**IN THE UNITED DISRICT COURT OF TEXAS**
**FOR THE WESTERN DISTIRCT**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **STEVEN BUTTON** | § | |
|         **Complainant,** | § | |
| | § | |
| **vs.** | § | **CAUSE NO.  7:19-CV-00203** |
| | § | |
| **THE TRIDENT COMPANY,** | § | |
| **and MEDALS, USA d/b/a RELIANCE** | § | |
| **STEEL and ALUMINUM COMPANY** | § | |
|         **Defendant.** | § | |

**COMPLAINTANT'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STEVEN BUTTON,** (hereinafter referred to as "Complainant") by and through

his attorney, Gerald K. Fugit, and complaining of **THE TRIDENT COMPANY,**

**and MEDALS, USA d/b/a RELIANCE STEEL and ALUMINUM COMPANY**, collectively

referred to as "Defendants") and in support, would show the Court as follows, to wit:

1.      The Complainant does not know whether the names of the Defendants are in a

proper order but it appears they are, however, if the event there is a need to change these a

particular way Complainant will of course file an amended complaint to correct the record.

**AUTHORITY**

2.      Under the provisions of a certain letter from the U.S. Equal Employment

Opportunity Commission (EEOC) which is attached hereto and made a part hereof for all

purposes and is dated May 24, 2019 this Court has jurisdiction. However, it should be noted to the Court that the letter itself did not come to the Complainant until May 30, 2019. Shown herein as **EXHIBIT A**.

3.      The Complainant sues the Defendants under the ADA which is the Civil Rights Act, Americans Disabilities Act, and the ADEA, which is the Age Discrimination Employment Act. All of these are Federal statute which permits this action to be brought.

## PARTIES

4.      Complainant understands that **THE TRIDENT COMPANY, and MEDALS, USA d/b/a RELIANCE STEEL and ALUMINUM COMPANY**, Defendants, is a company allowed to business in the State of Texas and is located in Odessa, Ector County, Texas**.**  Service of process may be had upon the Registered Agent, CT Corporation, 1999 Bryant Street #900, Dallas, Texas 75201

5       **STEVEN BUTTON** Complainant, is a citizen of the United States of America and is entitled to bring this Complaint and he resides at 13601 CR 124 W. Odessa, Ector County, Texas 79765.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction and venue in as much as the entire series of events occurred within the boundaries of the Odessa, Ector County, Texas.

## STATEMENT OF FACTS

7.      The Complainant had an operation due to the fact of a job injury to his right shoulder.

8.      Complainant was disabled. The branch manager of the Defendants, Jarret was told that there were certain disability factors as far as the Complainant was concerned. They are, to wit:  1) the operation, and 2) his hearing. None of these caused the Complainant to suffer any inability to carry on his tasks for the Defendant.

9.      The hearing test results were made on January 16, 2016 and February 1, 2018. All of these were turned over to the Branch Manager and/or the office manager immediately.

10.      The Branch Manager, Jarret Glass would come back to the working area where the Complainant was doing his job and would make degrading remarks about hearing numerous things. This was done at least fifteen (15) or more times. It was heard and seen by other co-workers who were also machinists. These degrading remarks were intentional and mean spirited.

11.      Steve Button, Complainant, is a white male. The individual who made the remarks to Ricard Button was at least thirty (30) years younger than **STEVEN BUTTON**.

12.      There was a hearing on the intercom some occasions.

13.      **STEVEN BUTTON** worked in a machine shop of the Defendants which normally is loud and deemed as an area required for hearing protections due to operation of four (4) turret lathes operating in the area. Complainant worked exclusively in this area.

14.      Richard Button had never been questioned in any company investigation or fact finding on the type of work he did for the Defendant in this case.

15.      To show how arrogant and condescending the Defendants was that over a five (5) year period Richard Button had been parking in a particular parking space. The parking position was one **STEVEN BUTTON** had been using and there was no reason for it to be moved except it

was arrogant and condescending by the company.

16.     On one (1) occasion Eleazer forced **STEVEN BUTTON** to this particular parking space. **STEVEN BUTTON** said to Eleazer yes, he could have that "f------ parking place." At that time Michael jumped in saying what is your f------ problem it just a f------ parking place. **STEVEN** started walking away during these statements and **STEVEN BUTTON** did raise his finger toward Michael. Michael then said "f--- you **STEVEN** just take your white ass back to where you belong and if you are so damn disabled why don't you park back there." There was no reason for this remark.

17.      Later I reported the incident verbally to Branch Manager, Jarret Glass. The next morning I reported the incident to Branch Manager Jarret Glass in an e-mail and there has never been a response.

18.     **STEVEN BUTTON**, Complaint, had no formal training as a machinist, nor has **STEVEN BUTTON** ever machined any finished parts but demand was put on **STEVEN BUTTON** to do other jobs.

19.     It was the intention of **STEVEN BUTTON** to retire when he was seventy (70) years of age. **STEVEN BUTTON** was injured on the job on November 4th, 2016.

20.     Complainant was under doctor's care for a period of time on this act. Complainant went so far as to offering to make up any time that Complainant lost.

21.     On page 22 of the company's handbook as to how to handle this matter. This page is attached hereto and made a part hereof for all purposes. Shown herein as **EXHIBIT B**.

22.     The Court will find with this Complaint the following, to wit:

- Exhibit A- Dismissal and Notice of Right

- Exhibit B- Pag 22 of Company Handbook

- Exhibit C-Contact information

- Exhibit D- Map

- Exhibit E- Summary of Work Injury

- Exhibit F- Drawing

- Exhibit G- E-mail dated 11/29/2017

- Exhibit H-E-mail dated 12/21/2017

- Exhibit I- 12/28/2017 -Formal Warning

All made a part hereof for all purposes. Other Exhibits J- L will be provided at a later time.

23.     These Exhibits hereto which are attached hereto set up what was done and what and the factual situation as it occurred in the events of the termination of **STEVEN BUTTON**.

24.     At the writing of this Complaint, **STEVEN BUTTON** is of the age of sixty-four (64). As set forth in several places **STEVEN BUTTON**, in this Complaint **STEVEN BUTTON** was intending to retire at the age of seventy (70) years of age


## CAUSES OF ACTION

25.     Complainant, sues the Defendant for the following, causes of action to wit:

    A.     Breach of Contract;

.   B.     Tortious Interference with Existing Contract;

    C.     Fraud;

    D.     Intentional Infliction of the Emotional Distress;

    E.     Equitable Relief;

    F.     Breach of Disability

5

G.    Title VII of the Disabilities Act;

H.    Future learning Compacity;

I.    Exemplary Damages;

J.    Cost of Court;

K.    Reasonable Attorney's Fees;

L.    Retaliation; and

M     All other causes of action derived from Title VII of the Civil Rights Act of 1964. (Title VII)

26.    Complainant reserves the right to amend Complainant's Original Complaint.

## **DAMAGES**

27.    Complainant sues the Defendant for an amount is in excess of $250,000.00 the jurisdiction limits of the Court.

28.    Complainant, sues the Defendant for the following, damages, to wit:

a.    Mental Anguish;

b.    Pecuniary Losses;

c.    Exemplary Damages;

d.    Past, Present, Future Pain and Suffering;

e.    Medical Expenses;

f.    Loss of past capacity;

g.    Loss of future capacity;

h     Attorney's fees;

i.    Cost of Court; and

j.      Prejudgment/post judgment;

## JURY DEMAND

29.      Complainant hereby demands a trial by jury.

30.      Complainant has been obligated to retain the undersigned attorney for the filing, prosecution of this action, and has agreed to pay his counsel reasonable attorney's fees including costs and litigation expenses, incurred in this action. Complainant assert that Complainant is entitled to recover those attorney's fees, costs and ligation expenses from the Defendant, pursuant to violation of Title VII, of the Civil Rights Act of 1964 (Title VII).

## CONDITION PRECEDENT

31.      All conditions precedent to Plaintiff's claim for relief has been performed or has occurred.

## PRAYER

32.      **WHEREFORE**, Complainant, sues the Defendant for the following, respectfully requests that Defendant be cited to appear and to answer the above Second Amended Complaint and that upon final hearing, this Court enter judgment in favor of Complainant, and sues the Defendants for the following, and against Defendant and order the following relief against Defendant:

a.      Compensatory damages against the Defendant for each violation of Complainant's rights, as protected by Title VII, of the Federal Discrimination Act., for pain, suffering, emotional distress, physical and emotional damages;

b.      Attorney's fees, court costs, prejudgment and post judgment interest as provided

7

by law including Title VII of the Civil Rights Act of 1964 (Title VII).

c.  Such other and further relief to which Complainant may be entitled.

d.  Pay an amount in excess of the jurisdictional limits of the Court;

e.  Front pay;

f.  Back pay;

g.  Damages in an amount in excess of the jurisdictional limits of the Court;

h.  Pre-judgment interest (from the date of injury through the date of judgment at the
    maximum rate allowed by law;

i.  Post-judgment interest at the legal rate;

j.  Such other and further relief to which Complainant may be entitled.


Respectfully submitted,


By **/s/GERALD K. FUGIT**
fugitassist@att.net
GERALD K. FUGIT, P.C.
Attorney at Law
412 N. Texas Avenue
Odessa, Texas 79761
Tel: (432) 332-1661
Fax: (432) 335-0003
State Bar No. 07501000

8